UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LONISE THERVIL,

*Petitioner*,

v. Case No. 3:26-cv-2681-JEP-SJH

FLAGLER COUNTY JAIL, et al.,

*Respondents*.
_________________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 3, 2026. (*See* Doc. 1). Petitioner challenges her mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as a violation of the Immigration and Nationality Act ("INA") and argues that she is entitled to immediate release or an individualized bond hearing under § 1226(a). (*Id.* at 4-6 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026))).

The Federal Respondents filed a response conceding that Petitioner is entitled to an individualized bond redetermination hearing under § 1226(a), in accordance with *Hernandez Alvarez*. (*See* Doc. 5 at 1). Nevertheless, the Federal Respondents argue that the petition should be dismissed without

prejudice for Petitioner's failure to exhaust her administrative remedies because she did not request a bond hearing before an immigration judge prior to initiating this case. (*Id.* at 1, 4-5). In her reply, Petitioner asserts she "recently had a bond custody redetermination hearing where the Immigration Judge decided that he could not hear the matter because he did not have jurisdiction." (Doc. 6 at 4). She provides a copy of the order, dated October 16, 2026, which reflects that her request for bond was denied because she was paroled into the country, not "admitted." (*Id.* at 12).[1]

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. *Id.* at 474-75. Although

[1] Petitioner raises other arguments in her reply that are not responsive to the Federal Respondents' response. For instance, she argues that "any available territorial or immediate-custodian defense has been forfeited"; if this Court no longer has jurisdiction to rule on the petition, the proper remedy would be transfer, not dismissal; the response includes errors, including the date the petition was filed, the use of male and female pronouns, and the reference to a different alien on occasion. (*See generally* Doc. 6). Even though Petitioner was transferred to a different detention facility around the same time she filed her petition, the Federal Respondents do not argue the petition was improperly filed in this jurisdiction, (*see generally* Doc. 5), and "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction …." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). The Court agrees that the lack of attention to detail in the response creates confusion. However, based on the record, the Court can rule on the merits of the petition.

Petitioner admittedly had not requested a bond hearing before she filed her petition, an immigration judge recently concluded that the immigration court lacked jurisdiction to consider her request because she was paroled into the country. As such, requiring her to exhaust now would be futile.

The Federal Respondents do not argue Petitioner is properly detained under § 1225(b)(2)(A) and in fact concede that she is detained under § 1226(a). (*See* Doc. 5 at 1). They also concede that *Hernandez Alvarez* "controls this case." (*Id.*). That position is at odds with the immigration judge's October 16, 2026, order on Petitioner's custody redetermination request, in which it appears the immigration judge (possibly based on the government's asserted position at the hearing) concluded Petitioner was ineligible for a bond redetermination under § 1226(a) because she "had been paroled" into the country. (*See* Doc. 6 at 12).

This Court has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez*, even in circumstances when an alien who was detained in the interior of the country previously had been granted parole. *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH,

2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026).

In light of the Federal Respondents' concession that Petitioner is entitled to a bond hearing under § 1226(a), and for the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that her mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.[3]

---

[2] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Petitioner is not entitled to immediate release. *See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release").

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of November, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record